55 161
112 69

GEORGE GRANT v. JOHN MASTERTON AND ROBERT WATSON.

*Partnership books in evidence.*

A man sued a firm for the price of some produce he had furnished, and the firm defended on the ground that it had only been left for sale with an individual partner as a personal transaction, and that the partner had afterward sold out his interest and this transaction had not entered into the account. *Held*, that defendant could be asked whether plaintiff's account on the firm books showed a credit to him of the amount claimed; and the plaintiff was also entitled to call for the partnership books for evidence as to the account. And the question whether the other members of the firm had assented to the entry of the transaction as partnership business would be for the jury.

Error to Wayne. (Jennison, J.) Oct. 10.—Oct. 22.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Stewart & Galloway* for appellant.

*Walker & Walker* for appellee.

COOLEY, C. J. The plaintiff is a resident of St. Mary's in the province of Ontario. The defendants and one Alexander Watson were, during the year 1881, partners in the business of buying and selling seeds in the city of Detroit under the name of the Michigan Seed Company. In the year named plaintiff sent to Detroit, directed to the Michigan Seed Company, certain potatoes and apples, and they were received by Alexander Watson and sold by him. The plaintiff has not been paid for them. He claims that they were received by the Michigan Seed Company with certain other articles which defendants admit were purchased by the firm, and he brings this suit for the price. The defendants on the other hand claim that the potatoes were received by Alexander Watson to sell for the plaintiff as an individual transaction; that the other members of the firm knew nothing about the matter at the time nor until after the dissolution

55 MICH—11

of the partnership. The partnership was dissolved in June, 1883, when the other partners purchased the interest of Alexander Watson. in the concern, agreeing to pay the debts. Watson had been manager of the company and he prepared a statement showing the condition of the business, and the others made their purchase upon that as a basis. In that statement the transaction with plaintiff in respect to the apples and potatoes was not brought in.

Such were the claims of the parties respectively. On the trial the defendant Masterton being on the stand as a witness was asked whether the plaintiff's account on the books of the firm showed a credit to him of the amount he now claimed. This was objected to and the objection sustained. We think this was error. The evidence would evidently have some bearing upon the question whether the transaction was or was not a partnership transaction, and it is easy to see that it might have been very forcible evidence. If what was done by Alexander Watson was beyond the scope of the partnership business, it might nevertheless have been accepted by the partnership as done in its behalf; and proof that it was entered on the books of the firm would be a step towards proving such acceptance. Whether an inference would arise from the entry that the other partners knew of and assented to it, might depend upon the circumstances; but these would be for the consideration of the jury, and the court would not be warranted in passing upon them on objection to the evidence. The plaintiff also called for the books of the partnership for evidence as regards the plaintiff's account; and we think he was entitled to them.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.