## GEORGE E. NOLTMIER v. PETER ROSENBERGER AND ANOTHER.[1]

December 17, 1915.

Nos. 19,427—(88).

**Circumstantial evidence — proof of cause and effect.**

1. To prove cause and effect by circumstantial evidence it is not enough that the circumstances be consistent with such relation. The evidence must be such as to justify a fair inference of the relation and put it beyond the realm of mere speculation or conjecture. In this case the evidence is *held* sufficient to justify a finding of the jury that the defendant's auto delivery truck ran over and killed the plaintiff's intestate.

**Evidence of negligence.**

2. Evidence *held* sufficient to justify a finding that the driver of the defendants' auto was negligent.

Action in the district court for Ramsey county by the administrator of the estate of Leo Leitner, deceased, to recover $7,500 for the death of his intestate. The case was tried before Kelly, J., who when plaintiff rested denied defendants' motion to dismiss the action, and a jury which returned a verdict for $1,500. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Watson & Abernethy,* for appellants.

*Drill & Drill,* for respondent.

DIBELL, C.

This action is brought by the plaintiff, administrator of Leo Leitner, a child two years and ten months old, whose death it is claimed resulted

[1]Reported in 155 N. W. 618.

---

Note.—As to recovery for death on circumstantial evidence, see note in 2 L.R.A.(N.S.) 905.

from the negligence of the defendants in running their automobile over it. There was a verdict for the plaintiff. The defendants appeal from the order denying their alternative motion for judgment or for a new trial.

1. The parents of the child live on West Water street in the city of St. Paul some 60 to 80 feet west of the so-called Mississippi High Bridge under which the street passes. The house was on the lower side of the street next to the river. The child was found in the street about 9:15 in the morning, injured, and died a few minutes later. No one saw the accident and the evidence is entirely circumstantial. A few minutes before his death the boy was on the porch playing. His mother called him and he not answering she went into the street and found him crushed and injured. The claim of the plaintiff is that he was run over by the auto-delivery truck of the defendants. Three vehicles passed along the street about the time that the child was killed. A loaded sand wagon going east had stopped west of the bridge and one Aufschlager, who was working in the mushroom caves, was talking with the driver. At that time the auto truck of the defendants came from the east and then, if at all, ran over the child. A little later, indefinitely referred to as a few minutes, an empty sand wagon came from the east and passed by the place where the child was killed. The loaded sand wagon proceeded easterly and both it and the empty sand wagon going west must have passed the place where the child was killed if it was killed by the defendants' auto, though the evidence leaves the whereabouts of the empty wagon in some doubt. No one seems to have noticed the child there; at least no report of it was made. A claim that the loaded sand wagon had anything to do with the killing of the child is rather thoroughly negatived by the fact that, by tracing its tracks immediately afterwards, they were found to have been on the other or upper side of the street. The street was narrow—only about 16 feet wide. If either of the three vehicles killed the child, it must have been the auto truck or the empty sand wagon. Of course, it was for the plaintiff to prove that it was the auto and not for the defendants to prove that it was a different vehicle. The child's skull was fractured; he had a contusion on one leg; his chest was crushed, and his abdomen was distended as though he had an internal hemorrhage.

The mother testifies that he was found alongside of what she calls an auto track. His head was toward the west and his feet toward the east. She says that she could distinguish between an auto track and wagon tracks. The boy's uncle supports, in a slight degree, the testimony of the mother that the boy was lying alongside an auto track. The jury might have given some weight to the nature of the injury as indicative that the auto was the responsible cause of it rather than a team or a sand wagon. They may have thought it quite unlikely that the horses would run over the child instead of avoiding him. The uncle, in referring to a talk with the driver soon after the accident, said:

Q. What did he say? A. He said he run over a rock, he could feel the bump. And he said, "I might have run over a chicken, too, I might have killed a chicken too."

Q. And did you ever hear him say that again? A. Yes.

Q. When? A. The day after the boy was buried.

Q. And where was he when he said that? A. In the house.

Q. In what language did he say it? A. In German.

Q. And what did he say? A. He said he didn't kill that boy, he went over a rock, that's all he knowed.

This was all denied, and, in the connection in which it was given, the testimony seems a little improbable; but we cannot say that the jury might not have attached some importance to it.

The relation of cause and effect was for proof by the plaintiff. It is not enough that the evidence be consistent with the theory that a particular cause produced a particular result. The evidence must be such as to justify a fair inference that such cause produced such result and must be such as to put it beyond the realm of mere speculation or conjecture. While the question is indeed a close one, a majority of the court are of the opinion that the jury might have found, not by mere surmise or conjecture, but by a fair judgment based upon the evidence, that the auto of the defendants ran over the boy. See Lewis v. Chicago G. W. R. Co. 124 Minn. 487, 145 N. W. 393; Mitton v. Cargill Elev. Co. 124 Minn. 65, 144 N. W. 434; Demerce v. Minneapolis, St. P. & S. S. M. Ry. Co. 122 Minn. 171, 142 N. W. 145; Minneapolis S. & D. Co. v. Great Northern Ry. Co. 83 Minn. 370, 86 N. W 451.

2. If it be that the defendant's auto ran over the boy, the question of the negligence of the driver was for the jury. It was of course the duty of the driver to exercise ordinary care in keeping a lookout as he was driving along the street. It seems that he was driving slowly. It was for the jury to say whether he was negligent and whether his negligence resulted in the death of the boy.

Some objections are made to the charge. We have examined them and find no substantial or prejudicial error.

Order affirmed.