[File No. 6477.]

FEDERAL FARM MORTGAGE CORPORATION, a Corporation, Appellant, v. MARTIN FALK, Jr., et al., COUNTY OF STUTSMAN, of the State of North Dakota, and State of North Dakota, Doing Business as State Hail Insurance Department, Respondents.

(272 N. W. 286, — A.L.R. —.)

Opinion filed March 23, 1937.

A. W. Aylmer, John Thorpe and Geo. I. Reimestad (Peyton R. Evans, Robt. A. Barry and M. A. Schmitt, of Counsel) for appellant.

P. O. Sathre, Attorney General, Chas. A. Verret, Ass't Attorney

General, and *R. D. Chase,* State's Attorney for Stutsman County, for respondents.

CHRISTIANSON, Ch. J.    This is a sequel to Federal Farm Mortg. Corp. v. Falk, ante, 154, 270 N. W. 885, —— A.L.R. ——.    The former appeal involved an order overruling a demurrer to the answer of the defendants, Stutsman County and the State of North Dakota, doing business as the State Hail Insurance Department.    The order was affirmed.    Ante, 154, 20 N. W. 885, —— A.L.R. ——.

The sole question in controversy on the former appeal (ante, 154, 270 N. W. 885, —— A.L.R. ——) and on this appeal is whether the lien of a hail indemnity tax levied in 1935 is superior to the lien of plaintiff's mortgage which came into existence in January, 1934.    The claim of priority of the hail indemnity tax over plaintiff's mortgage is predicated upon the provisions of § 3, chapter 137, Laws of North Dakota 1933, to the effect that the lien of a hail indemnity tax "shall be prior and superior to all mortgages .    . executed subsequent to the approval of this act."

After the case had been remanded to the district court following the decision on the former appeal, plaintiff interposed a reply to the answer of the defendants, Stutsman county and the State of North Dakota doing business as the State Hail Insurance Department.

In such reply the plaintiff asserted that the above quoted provision of § 3, chapter 137, Laws 1933, which makes the lien of a hail indemnity tax "prior and superior to all mortgages . . . executed subsequent to the approval" of that act, operates to deprive plaintiff of its property without due process of law, and to deny to it the equal protection of the laws, in contravention of § 1, Article 14 of the Amendments to the Constitution of the United States, and § 13 of the Constitution of North Dakota; and to impair the obligations of the contract evidenced by its mortgage, in contravention of § 10 of Article 1 of the Constitution of the United States, and § 16 of the Constitution of North Dakota; also, that the contract for hail insurance, which gave rise to the hail indemnity tax and the lien for such tax, is inhibited by and violative of § 6740, Comp. Laws 1913.

The case was tried upon the issues thus framed and resulted in a judgment in favor of the defendants, Stutsman County and the State

of North Dakota, doing business as the State Hail Insurance Department, adjudging the lien of the hail indemnity tax levied in 1935 to be prior and superior to the lien of plaintiff's mortgage.

The plaintiff has appealed from the judgment.

1. Appellant's first contention is that the provisions of chapter 137, Laws 1933, to the effect that the lien of a hail indemnity tax shall be prior and superior to all mortgages executed subsequent to the approval of that law, was violative of the guarantees of the State and Federal Constitutions, that no law shall be passed impairing the obligations of a contract; also, that it violates the due process and equal protection of the law clauses of the 14th Amendment to the Constitution of the United States and § 13 of the Constitution of the State of North Dakota. These questions were fully considered and determined adversely to the contentions of the appellant in the decision on the former appeal in this case. We adhere to the views there expressed.

2. Appellant next contends that "the purported contract for hail insurance for the year 1935" between the defendant, the State of North Dakota, doing business as Hail Insurance Department, and the defendants, Martin Falk, Jr., and Florentena Falk, his wife, "which said contract gave rise to said hail indemnity tax, and such purported lien therefor, was, and is, void, and of no effect, such contract being contrary to and in violation of that certain provision of § 6740, Comp. Laws 1913, which reads as follows: 'No person whose interest is subject to the lien of a mortgage may do any act which will substantially impair the mortgagor's security.' "

In our opinion this contention is without merit. The legislature had the unquestioned power to change or abrogate the rule announced in § 6740, Comp. Laws 1913. The legislature did not attempt to change or abrogate the rule prescribed by that section in so far as it applied to mortgage contracts that had come into being before the enactment of said chapter 137, Laws 1933. It specifically excluded such mortgage contracts from the operation of chapter 137, Laws 1933, and restricted the operation thereof to mortgages and liens that came into being after the passage and approval of such statute. Chapter 137, Laws 1933, did not impair any contract right that had come into existence under § 6740, Comp. Laws 1913 prior to the time said chapter 137 became operative. It established a new rule to

operate prospectively only from the date of the passage and approval of said chapter 137, Laws 1933. If there is any inconsistency between § 6740, Comp. Laws 1913 and chapter 137, Laws 1933, the former must yield and the latter prevail.

The judgment appealed from is affirmed.

BURR, NUESSLE, BURKE and MORRIS, JJ., concur.