[File No. 6764.]

OTTER TAIL POWER COMPANY, a Corporation, Appellant, v.
HENRY VON BANK, Respondent.

(8 NW(2d) 599, 145 ALR 1343.)

Opinion filed November 2, 1942.  On rehearing March 18, 1943.

*Conmy & Conmy* and *Field & Field,* for appellant.

500

*Roy K. Redetzke* and *Charles G. Bangert,* for respondent.

NUESSLE, J. This action was brought to condemn an easement for a right of way for an electric transmission line.

The plaintiff is a foreign public service corporation. It is engaged in the business of manufacturing, distributing and selling electrical energy for power and light. It has many miles of pole lines within the state of North Dakota. One of these lines was built along and on the right of way of a section line highway in Cass county. The Highway Department decided to streamline this highway. In order to do this the county procured additional easements, seventeen feet or more in width, on each side of the original easement, thus making the whole easement one hundred feet or more in width. The Highway Department then required the plaintiff company to move its power line to the outer edge of the newly acquired right of way. The owners of some of the land adjacent to the highway who had thus granted easements for highway purposes objected so the plaintiff was compelled to bring this action to obtain by condemnation the right to erect and maintain thereon its poles, crossarms, wires and other necessary accessories. The defendant Von Bank was one of the landowners who thus objected. He owned a half section of land, extending a mile north and south on the west side of the highway. Von Bank, on June 23, 1938, by a written instrument, granted an easement in favor of Cass county for the additional right of way as thus required by the Highway Department. At the time he executed this instrument it was understood and agreed by and between him and the county authorities that he should have the right to use the land over which the easement was granted for agricultural purposes subject, of course, to its use for

highway purposes. The tract in question was to be planted to hay, the county furnishing such seed as might be required, but no part of this understanding and agreement was included in the instrument granting the easement. However, on August 31, 1938, the board of county commissioners of Cass county unanimously passed and entered in its Minutes a resolution embodying the terms of this understanding (also made with others who had voluntarily granted similar easements) which, among other things, recited:

"Whereas, Cass County, North Dakota, has acquired certain easements for public highways over and across certain lands in Cass County, North Dakota, said easements being so acquired by voluntary grants to said Cass County from the owners of said lands, and

. . . . . . . . . . .

"Whereas, at the time said easements were so acquired from said land owners and as a part of the consideration thereof it was agreed by and between said Cass County, North Dakota, and said owners that the said owners, their agents, lessees, assignees and successors in interest, would have the right and privilege to sow and cut alfalfa, brome grass and other suitable grass and hay on that portion of said public highway right of way running from the outer edge of the shoulder of said highway to the outside edge of said right of way, and

. . . . . . . . . . .

"Now therefore, in pursuance of said agreements of Cass County, North Dakota, with said land owners, their lessees, assignees, or successors in interest and in consideration of better and more efficient maintenance and care· of said public highways above set forth and described,

"Be it hereby resolved, That all land owners their lessees, assignees and successors in interest who granted said easements for public highway right of way to Cass County, North Dakota, where said highways and rights of way now exist or to be constructed all said easements are or will be 100 feet or more in width, shall have the right and privilege to sow and cut alfalfa, brome grass or other suitable hay or grass on that portion of said highway right of way existing upon the

outside edge of the shoulder of said highway to the outside edge of said right of way, and

.    .    .    .    .    .    .    .    .    .    .    .    .

"Be it further resolved, that said right and privilege to sow and cut hay and grass as above set forth shall continue and be in full force and effect as long as said public highways exist, and as long as the easements of Cass County, North Dakota, as aforesaid shall remain in full force and effect, regardless of the owners of the fee simple title in and to said lands upon which said easements now exist."

The plaintiff brought this action pursuant to the provisions of chapter 36 of the Code of Civil Procedure, §§ 8202 et seq, Comp. Laws 1913, as amended. It set out in its complaint the fact of its incorporation, its business, its need for the easement which it sought, the ownership by the defendant of the property to be burdened, and in paragraphs three and five alleged:

"In the survey and location of the said electric power transmission line, and the right of way and easements therefor, it was necessary for the plaintiff to survey and locate a portion thereof over, upon and across the following described tract of land, situated in Cass County, North Dakota. (Here follows a description of defendant's land.)

"In the erection, construction, operation, maintenance and repair of the said electric power transmission line, pursuant to and in accordance wtth said survey and location thereof, it is necessary for the plaintiff, its successors and assigns to acquire the right of way and easement for the purposes of constructing, operating, maintaining and repairing an electric power transmission line, including poles, cross-arms, insulators, wires, guy wires and all other equipment and appurtenances in connection therewith whatsoever, together with the right of ingress and egress at any and all times to carry out the purposes above set forth, over, upon, and across the above described tract of land, said electric power transmission line to be located entirely within the limits of a public highway which runs generally along the eastern boundary line of said tract of land and which public highway is at the present time being widened and improved, and said electric power transmission line to be re-located and constructed and maintained under the terms of the easement sought to be condemned hereby entirely within the limits of said widened and improved public high-

way, and shall not exceed 20 poles in number on said tract of land. Said right of way and easement, above described, is located over, upon and across a part only of said tract of land as set forth above.

"This action is brought for the purpose of acquiring by condemnation the right of way and easement over, upon and across said tract of land, and for the purposes, as hereinbefore set forth. Said electric power transmission line is surveyed and located as above set forth on said tract of land in the manner which is compatible with the greatest public benefit and the least private injury. Said electric power transmission line and the easement and right of way therefor, so surveyed and located on said tract of land, is wholly within the limits of a public highway located on said tract of land."

and demanded judgment "that the above described right of way and easement, over, upon and across the tract of land herein described, and for the purposes set forth in this complaint be condemned, and that the damages resulting therefrom, and just compensation therefor, be assessed and determined, and that the interests, titles and rights of the several defendants in and to said tract of land and said compensation be determined and that the rights of the parties hereto be fully determined all in the manner provided by law." The defendant, Von Bank, answered, admitting the ownership of the property but, as to the other allegations contained in the complaint, put plaintiff upon its proofs and alleged that if the plaintiff were awarded the easement as demanded the defendant would be damaged in the sum of three hundred dollars, for which amount the defendant asked judgment.

The case was tried to a jury. The only matter submitted to the jury was as to the damages, if any, sustained by the defendant. The jury returned its verdict in favor of the defendant for the sum of eighty dollars. The court made its findings of fact with respect to the other essential matters and ordered judgment accordingly. Plaintiff, feeling aggrieved, thereupon moved for a new trial. The motion was denied and judgment was entered in accordance with the court's order. Plaintiff then perfected this appeal from the order denying a new trial and from the judgment.

Plaintiff has specified a great many errors on account of which it seeks a reversal. These specifications, in the main, are grounded on

rulings on questions of evidence and on motions made during the course of the trial, and on certain of the instructions to the jury to which exceptions were taken. As we view the matter it will not be necessary to set out in detail the various specifications of error on which the plaintiff relies. They can be disposed of generally by a consideration of the several propositions on which the court's rulings and the instructions to the jury were predicated.

The court ruled and charged the jury that the only question for it to determine was that of damages. Bigelow v. Draper, 6 ND 152, 69 NW 570. See § 8214, Comp. Laws 1913; see also 29 CJS pp. 1283 et seq. The plaintiff does not complain on this account. But of course, tied up in this question, were the questions as to the extent of the easement sought, the interest of the defendant and the value of that interest in the land subjected to the easement and the amount in which that value was lessened thereby, and the extent of the damage suffered by the remainder of the property not covered by the easement.

One of the first questions that arose when the case came to trial was as to the extent of the easement, that is, as to the area covered by it. Section 8220, Comp. Laws 1913 prescribes what a complaint in eminent domain shall contain, and subsection 5 of that section requires "a description of each piece of land sought to be taken and whether the same includes the whole or only a part of an entire parcel or tract. . . ." We have heretofore quoted paragraphs three and five and the prayer of the plaintiff's complaint. The defendant contends that where an easement is sought it must be clearly and definitely described in the complaint, and pursuant to the complaint in this case it must be said that the plaintiff sought an easement covering the whole of the seventeen-foot strip. On the other hand, the plaintiff insists that this is not so, that the easement required and sought by it covered only so much of the seventeen-foot strip as might appear from the evidence offered to be necessary to satisfy its purposes, and that it cannot be compelled to take more. The trial court ruled with the defendant that reasonably construing the complaint an easement was sought over and across the whole of the seventeen-foot strip. Thereupon the plaintiff asked leave to amend by defining the easement sought as follows: " . . . an easement for the construction of an electric transmis-

sion line, including all the equipment and appurtenances thereof as shown by the testimony in this case, as the same have been and are now located and constructed as shown by the evidence, the poles and all the said equipment of said line to be located within the limits of the public highway which runs generally along the eastern boundary line of said tract of land, except three poles and two guy wires which the testimony shows are located outside of the limits of the highway easement and are located as shown by the testimony in the case." The court denied the motion on the ground that the amendment was substantially and in effect the same as the original complaint.

In condemnation proceedings where land is sought to be taken, the plaintiff must describe it with accuracy and certainty. See 29 CJS pp. 1228 et seq. And this is the purport of subsection 5 of § 8220, supra. We cannot see why the same certainty and accuracy are not essential where an easement rather than the land itself is sought in the proceedings. And the authorities so hold. The reasons for this requirement of certainty and accuracy are not far to seek. They are essential so that both the owner of the easement and the owner of the property subjected to it may know exactly what their rights are with respect to their different interests. And certainty is just as essential in order to determine the value of the interest taken and the damage done by its taking to that portion of the property not subject to the easement. See 29 CJS pp. 1230 et seq.

In the instant case at the time the action was tried the transmission line had already been erected. All its poles, stays and guy wires were in place. It was possible to say exactly what the needs of the plaintiff company were in order to enable it to maintain and service its lines. Yet, reading the complaint and considering it in the light of the evidence that was offered it is impossible to say other than the trial court said, that no construction can be put upon the complaint other than that it seeks an easement over the whole of the seventeen-foot strip.

The defendant was entitled to compensation for such of his property rights as were appropriated by the plaintiff in the taking of the easement and for damage done by the taking to the remainder of the property not covered by the appropriation. The burden was on him to

establish the amount of this recovery. 18 Am Jur 985, Eminent Domain; 29 CJS pp. 1256 et seq. In that behalf he offered proofs as to the value of the seventeen-foot strip for hay purposes. His contention was that Cass county had only an easement over this strip for highway purposes and that, to the extent the property was not used for highway purposes, he was entitled to the use thereof for agricultural purposes. In support of this contention the defendant offered evidence tending to show the agreement made with the county authorities at the time the easement was granted, and also the action of the board of county commissioners on August 31, 1938 in adopting the resolution which we have set forth supra. To this evidence plaintiff objected on the ground that the grant of the easement to Cass county for highway purposes was contained in a written instrument and there was no reference in it to any reservation of the right to use the land covered by the grant, and that, in any event, under the statute, the board of county commissioners had no authority to enter into any such agreement as might have been made orally; that accordingly the defendant could not claim or show any interest in the strip covered by the grant unless and until its easement was surrendered by the county. The trial court overruled the plaintiff's objection and received the proffered evidence. The plaintiff urges this was reversible error. In support of its contention in this behalf, plaintiff cites the case of Tri-State Teleph. & Teleg. Co. v. Cosgriff, 19 ND 771, 124 NW 75, 26 LRA(NS) 1171.

Defendant owned the real property in question. He was making a voluntary conveyance to the county. He could convey as much or as little as he saw fit. He gave all the county desired, and that was an easement for highway purposes only. Had the county been forced to condemn, that was all it could have taken. Comp. Laws 1913, § 8204. He reserved the right to use the land for agricultural purposes in such manner as not to interfere with the county's use thereof for highway purposes. The land was farming land. The enlarged highway right of way was one hundred feet wide. The improved traveled portion was twenty-seven feet wide down the median line. So when that portion not used for purposes of travel was planted to hay or grain ordinarily there would be no interference with the use thereof

for highway purposes. Should there by chance be any interference, then the highway use would prevail. So, without any express reservation he would have had the right to use the ground covered by the easement and not in use for purposes of travel. See Northern P. R. Co. v. Lake, 10 ND 541, 88 NW 461; Donovan v. Allert, 11 ND 289, 91 NW 441, 58 LRA 775, 95 Am St Rep 720; Elliott, Roads & Streets, 4th ed, §§ 876 et seq; 17 Am Jur 993 et seq, Easements; 28 CJS pp. 770 et seq. In Donovan v. Allert, 11 ND 289, 91 NW 441, 58 LRA 775, 95 Am St Rep 720, supra, this court said, speaking of plaintiff's rights in a street: "The fee title to the street in front of plaintiff's dwelling house being in the plaintiff, except for street purposes, he owns the lot to the middle of the street, subject to the rights of the public, to the same extent as he owns the portion of the lot on which his dwelling house stands. He alone is entitled to all uses of the lot, except the rights of the public by virtue of the dedication of the part in the street to the public, but is entitled to no use thereof inconsistent with or antagonistic to the purposes and uses for which it was dedicated to the public. The plaintiff's right to the beneficial uses of the street, subject to the rights of the public, is a property right, entitled to the law's protection whenever unlawfully infringed on, and, like all property rights, is within the protection of the Constitution. Dillon, Municipal Corporations, § 656. 'The abutter has the exclusive right to the soil, subject only to the easement of the right of passage in the public, and the incidental right of properly fitting the way for use. Subject only to the public easement, he has all the usual rights and remedies of the owner of the freehold.' Elliott, Roads & Streets, p. 519."

To the extent that the foregoing holding is inconsistent with what is said in the case of Tri-State Teleph. & Teleg. Co. v. Cosgriff, the latter must be considered as overruled. Here the county took the grant of the easement with the understanding that the plaintiff should have this right of user. The county does not deny this. It wants and intends to carry out its agreement in this behalf. Similar agreements were made with other landowners who conveyed rights of way under similar circumstances. The grants were general in their terms. And the county authorities who procured the easements put their con-

struction upon them generally by the resolution of August 31, heretofore referred to. In 17 Am Jur at page 996, Easements, it is said: "If an easement is not specifically defined, the rule is that the easement need only be such as is reasonably necessary and convenient for the purpose for which it was created. It is also settled that where a grant of an easement is general as to the extent of the burden to be imposed upon the servient tenement, an exercise of the right, with the acquiescence and consent of both parties, in a particular course or manner, fixes the right and limits it to the particular course or manner in which it has been enjoyed." We think that this rule is applicable in the instant case. It also must be remembered that we are not here considering the case of a sale by the county to the defendant. Neither is it a case where a contract beyond the power of the county to make is sought to be enforced. In this latter respect it differs from Meek v. Meade County, 12 SD 162, 80 NW 182, cited by the plaintiff. It is a case where a third party seeks to minimize the damages it may have to pay by invoking the invalidity and impropriety of a contract entered into by others and to which it is a stranger. Accordingly, under all the circumstances as shown, the resolution as well as evidence of the parol agreement was properly admitted. In any event, no possible prejudice could have resulted from their admission.

The defendant's right to the beneficial use of the land subject to the highway easement was a property right. In proceedings such as the instant one where a right or interest in the property of another is appropriated, the owner of that property is entitled to recover the value of the right or interest appropriated and the damage done to the remainder of the property by the appropriation. See Donovan v. Allert, supra; Tri-State Teleph. & Teleg. Co. v. Cosgriff, 19 ND 771, 124 NW 75, 26 LRA (NS) 1171, supra. Here the defendant sought to establish the value of his interest in that portion of the property subjected to the easement and thus appropriated by the plaintiff, by showing, first the value of the land before the county secured the highway easement, then the value of the land subject to such easement, and finally the value of such interest as remained in the defendant after the easement sought and obtained by the plaintiff was acquired. Plaintiff objected to the evidence thus offered and insisted that the

measure of damages was the value of the easement taken. The court ruled that the evidence was admissible. Here again we think there was no prejudicial error. In a sense the measure of damages was the value of the easement taken. But it was to be determined by the depreciation in value of the interest the defendant had in the property prior to the taking and not by the value the easement might have to the plaintiff. That is, it was the amount, if any, in which the value of the defendant's interest was lessened by the taking of the plaintiff's easement. It may well be that this proof could have been made by showing the value of the defendant's interest in the land subject to the highway easement and then the value of such interest as remained in the defendant after the easement sought and obtained by the plaintiff was acquired. But we cannot see how, in any event, the plaintiff was prejudiced by the admission of evidence showing the value of the land before the county secured the highway easement.

The defendant also claimed damage to the remainder of the tract not covered by the easement. In making his proof of this damage, defendant offered evidence to show that the damage thus suffered was to a strip from six to ten feet in width parallel with and contiguous to the land covered by the seventeen-foot highway easement, and the amount of that damage. Defendant's theory in thus doing was not strictly in accord with the rule laid down in the Cosgriff case. But we cannot see how the plaintiff was in any manner prejudiced by the use of the method adopted. After all, if the remainder of the defendant's land was damaged by the taking of the plaintiff's easement, and that damage was to the six or ten-foot portion thereof immediately adjoining the portion subjected to the plaintiff's easement, to that extent the whole of the remainder was lessened in value. Montana Eastern R. Co. v. Lebeck, 32 ND 162, 155 NW 648.

When the evidence was concluded and both sides had rested, the defendant moved that he be permitted to open and close the argument. The motion was granted. Plaintiff assigns this as error. It contends that the statute, § 7619, Comp. Laws 1913, prescribes the order of trial in jury cases and that pursuant to this statute the plaintiff has the opening and closing of the argument. The statute, however, reads:

"When the jury has been sworn, the trial must proceed in the following order, unless the judge for special reasons otherwise directs:

.    .    .    .    .    .    .    .    .    .    .    .

"4. When the evidence is concluded, unless the case is submitted to the jury on either side or both sides without argument, the plaintiff must commence and may conclude the argument."

It is to be noted that § 7619, above quoted, provides that the trial must proceed in the order prescribed, "unless the judge for special reasons otherwise directs." In the instant case the only question for the jury was as to the damages, if any, the defendant was entitled to recover. He had the burden of establishing the amount of those damages. If he failed to do so he could have no recovery. We think that this was a special reason within the meaning of the statute such as to warrant the judge, in his discretion, in granting the defendant's motion. Plaintiff now complains that if this privilege were to be extended to the defendant it should have been asked for at the beginning of the trial. But it is to be noted that this reason was not assigned as a ground for the denial of the motion. In any event, we cannot see how the plaintiff suffered any prejudice by the court's ruling in the instant case, the circumstances being as they were.

Plaintiff took exceptions to various portions of the court's charge to the jury. These portions of the charge thus excepted to were given pursuant to the court's theory and ruling with respect to the matters of evidence which we have heretofore considered. It is neither necessary nor will it be profitable to detail these allegedly erroneous instructions. It is sufficient to say that they were in accord with the rulings of the court made during the taking of the testimony which we have hereinbefore considered, and that, in any event, they were not prejudicial.

Plaintiff also insists that the court erred in refusing to charge the jury that the defendant could recover only nominal damages. There is no ground for complaint on this account. The defendant had a substantial right and interest in the property that was subjected to plaintiff's easement. He was entitled to recover such damages as he could establish he suffered by reason of the taking of the easement. Whether these damages were great or small they were substantial and

not merely nominal. See Tri-State Teleph. & Teleg. Co. v. Cosgriff, supra, where, in paragraph four of the syllabus it is held: "The damage sustained by the owner of lands abutting upon a public highway by the taking of a strip immediately adjoining his property line for the purpose of constructing thereon a telephone and telegraph line, while it may be small in amount is not as a matter of law merely nominal; but it is substantial in the sense that the landowner is entitled to recover a sum sufficient to compensate him for all damage to the property actually sustained by him under the conditions."

Affirmed.

BURR, Ch. J., and BURKE, MORRIS, and CHRISTIANSON, JJ., concur.

NUESSLE, J. (on rehearing). On petition of the appellant a rehearing was granted in this case and a reargument has been had. After further consideration we are agreed that the opinion as heretofore written should stand.

The appellant urged in support of its petition for rehearing that the opinion as written overrules the holding in Tri-State Teleph. & Teleg. Co. v. Cosgriff, 19 ND 771, 124 NW 75, 26 LRA(NS) 1171, respecting the interests of abutting landowners in property covered by highway easements; that the holding in the Cosgriff Case was not challenged by either of the parties in the court below or on argument in this court and so the court was not required to pass upon the propriety of that holding; that, in any event, the holding in that case has been recognized and followed for many years in this jurisdiction without question, has become a rule of property, and pursuant to the doctrine of stare decisis should not now be overruled. The rehearing was granted solely for the purpose of considering the contentions thus advanced in the appellant's petition.

On the trial of the instant case the value of respondent's interest in the property subject to the highway easement became material. His contention was that as the owner of the land subjected to the easement he had the right to use it for grass and hay purposes so only such use did not interfere with its use for highway purposes and that this right was an element to be considered in determining the value of his interest and so of his damages. The appellant objected to evidence

of value based on the theory that respondent had such right. This objection was predicated in the final analysis on the holding in the Cosgriff Case, supra. The objection was overruled and the evidence was admitted. Appellant urged error because thereof. It is true that respondent predicated his claim of right to use the land on an agreement made with the highway authorities, but if on any theory the evidence was admissible for the purpose for which it was offered, then the ruling was not erroneous. This being so, and appellant's contention being predicated on the holding in the Cosgriff Case, that holding was properly subject to examination. If there were a question as to whether the holding was to the effect appellant claimed, or was contrary to reason and authority, then this court was not precluded from limiting or restricting it or even in overruling it.

The rule of stare decisis is a rule of policy grounded on the theory that when a legal principle is accepted and established, rights may accrue under it and security and certainty require that the principle be recognized and followed thereafter even though it later be found to be not legally sound. To a certain extent this is true. But the rule is not sacrosanct. Whether or not a holding shall be adhered to or modified or overruled, is a question within the discretion of the court under the circumstances of the case under consideration. Hertz v. Woodman, 218 US 205, 54 L ed 1001, 30 S Ct 621.

In Donovan v. Allert, 11 ND 289, 91 NW 441, 58 LRA 775, 95 Am St Rep 720, this court citing the case of Northern P. R. Co. v. Lake, 10 ND 541, 88 NW 461, and in line with the practically unanimous voice of authorities, held that the abutting owner owned the fee title to land subject to an easement for street and highway purposes and had every right of an owner therein not inconsistent with the purposes for which the easement was granted. And this holding was recognized in the case of Cosgriff v. Tri-State Teleph. & Teleg. Co. 15 ND 210, 107 NW 525, 5 LRA(NS) 1142. While the holding in the later Cosgriff Case, 19 ND 771, 124 NW 75, 26 LRA(NS) 1171, supra, may be considered to be to some extent a rule of property, it should not be applied under the circumstances shown in the instant case in so far as it conflicts with the holding in the Donovan Case.

Here the easement was acquired in order to "streamline" the highway. The land subjected to it would, in all probability, never be used for purposes of travel. As shown by the resolution of the county commissioners they believed it would be beneficial to the highway use to have the land in question sown to grass and hay by the abutting owner. This was clearly evidenced by their willingness to provide the seed for such sowing. It is true, as stated in the opinion as originally written, the rulings of the trial court of which the appellant complained may be sustained on the ground that the respondent's claim to the right to use the land subject to the highway easement for agricultural purposes stemmed from his agreement with the highway authorities. But to so dispose of the case without making reference to the holding in the Cosgriff Case and expressing our views with respect to that holding would tend to further entrench a rule which we think is not correct and should not be followed.

As this court said in the case of Hart-Parr Co. v. Finley, 31 ND 130, 153 NW 137, LRA1915E 851, Ann Cas 1917E 706, in overruling the holding in an earlier case: "There is no desire to lightly overrule any precedent but at times it is as wise as it is necessary to recognize a mistake when convinced that it is such. Counsel concede, as they must, that the almost unanimous weight of authority and precedent support our action and the conclusions announced. It is deemed better to overrule this precedent, than by citing it indirectly affirm it."

See also in this connection, Erie R. Co. v. Tompkins, 304 US 64, 82 L ed 1188, 58 S Ct 817, 114 ALR 1487; Truxton v. Fait & S. Co. 1 Penn (Del) 483, 42 A 431, 73 Am St Rep 81, and note at page 98; 14 Am Jur 341; Courts and cases cited in note 12.

Morris, Ch. J., and Burke and Burr, JJ., concur.

Christianson, J. (concurring). I agree with the disposition that is made of this case in the principal opinion and in the opinion on rehearing prepared by Judge Nuessle and with the principles stated in the syllabus. I am inclined to the view, however, that the decision of this court in Tri-State Teleph. & Teleg. Co. v. Cosgriff, 19 ND 771, 124 NW 75, 26 LRA (NS) 1171, does not actually constitute a precedent contrary to what is decided in this case. It is true there are cer-

tain expressions in the principal opinion in the Cosgriff Case contrary to the principle announced in paragraph three of the syllabus in this case; but I do not believe that such expressions can be said to constitute *the decision of this court* upon a question that was directly involved in the issues and necessary to a decision, and actually decided by the court, so as to give rise to the application of the doctrine of stare decisis.

"The doctrine of stare decisis only arises in respect of decisions directly upon the points in issue. Positive authority of a decision is coextensive only with the facts on which it is made." 11 Enc. U. S. Sup. Ct. Rep. pp. 28, 29; Pollock v. Farmers' Loan & T. Co. 157 US 429, 574, 39 L ed 759, 817, 15 S Ct 673; Sturges v. Crowninshield, 4 Wheat. (US) 122, 207, 4 L ed 529, 551; Federal Farm Mortg. Corp. v. Falk, 67 ND 154, 171, 270 NW 885, 893, 113 ALR 737. "To make an opinion a decision there must have been an application of the judicial mind to the precise question necessary to be determined in order to fix the rights of the parties." 14 Am Jur 293; Cohen v. Virginia, 6 Wheat. (US) 264, 5 L ed 257.

To constitute a precedent, within the rule of stare decisis, an opinion must be the decision of *the court* on the particular question. A decision affirmed by reason of an equal division of the members of the appellate court is not binding as a precedent. 21 CJS p. 307. A decision concurred in as to the result only by a majority of the court is not within the rule of stare decisis, although it is entitled to consideration as to the views of the judges who joined in the opinion. 21 CJS p. 305. A concurrence in the same general result by separate opinions, none of which constitutes the deliberate and unqualified decision of the majority, does not establish a precedent unless the separate opinions show that the judicial mind was applied to a particular question necessary for decision, and that there was a deliberate and unqualified "agreement by a majority of the court on the particular question or questions constituting the ground of the decision." 21 CJS p. 306.

The controversy involved in Tri-State Teleph. & Teleg. Co. v. Cosgriff, 19 ND 771, 124 NW 75, 26 LRA(NS) 1171, supra, came before this court first in Cosgriff v. Tri-State Teleph. & Teleg. Co. 15 ND 210, 107 NW 525, 5 LRA(NS) 1142. The telephone company

had obtained the consent of the township supervisors to construct its telephone and telegraph line along and within the limits of a rural highway located upon a section line. Cosgriff, and those who joined with him as plaintiffs in that action, owned lands abutting upon the highway. Such landowners had not consented to the construction of the line by the telephone company and brought action to enjoin the telephone company from constructing and operating the line. In this court it was "agreed that the sole and controlling question" was "whether the construction of a telephone and telegraph line upon a rural highway constitutes an additional servitude on the fee of the abutting owners." 15 ND 214, 107 NW 526, 5 LRA(NS) 1142. This court held that the construction and operation of such line constituted an additional servitude which entitled the abutting owner to compensation. In so holding, this court applied the rule announced in Donovan v. Allert, 11 ND 289, 91 NW 441, 58 LRA 775, 95 Am St Rep 720, that the construction of a telephone line upon the streets of a city imposes a new servitude on the fee of the abutting owner for which he is entitled to compensation, and held this rule to be equally applicable to an owner of lands abutting upon a rural highway. The court said: "The underlying principle which must govern is the same, however, in either case. The proposed use must be within the purpose of the original dedication. If it is not, it constitutes an additional servitude, whether it be of a street or rural highway. Cases like this primarily involve a determination of property rights, and, where it is held that a new servitude is imposed, it follows necessarily that the fee owner is entitled to relief. The point of difference, and it is the only one which can logically serve as a basis for different conclusions, is as to the original purpose of the grant of the easement. Rights which have been granted to the public cannot be claimed by the abutting landowner. Such rights as have not been granted to the public remain in him and should be protected to the same extent as any other property. . . . If telephone companies require the use of private property for the construction of their lines, they have the power of acquiring it by condemnation, but they may not, in our opinion, lawfully take it without first making compensation." 15 ND 215, 107 NW 526, 527, 5 LRA(NS) 1142.

The court was urged to overrule Donovan v. Allert and to hold that the original purposes of the dedication of a street or highway include the transmission of intelligence and that consequently the maintenance of a telephone and telegraph line upon a street or highway is a proper street or highway use within the purposes of the grant of easement. The court did not content itself by a mere statement that it adhered to the rule in Donovan v. Allert. It re-examined the rule announced in the Donovan Case in light of subsequent decisions of other courts, reaffirmed the principle of the Donovan Case, and held that the plaintiffs there were entitled to an injunction restraining the telephone company from constructing and operating its line on the highway upon which plaintiff's lands abutted. Cosgriff v. Tri-State Teleph. & Teleg. Co. 15 ND 210, 107 NW 525, 5 LRA(NS) 1142.

The decisions in Donovan v. Allert and Cosgriff v. Tri-State Teleph. & Teleg. Co. were unanimous.

Subsequent to the decision in Cosgriff v. Tri-State Teleph. & Teleg. Co. the telephone company brought condemnation suit. A verdict was returned for the defendants and the telephone company appealed. It is the decision on that appeal which is referred to in paragraph three of the syllabus in this case. In that case counsel for the telephone company again urged that the construction and operation of a telephone and telegraph line on the highway, upon which the lands of the defendants abutted, did not constitute an additional servitude, and that the rule announced in Donovan v. Allert and in Cosgriff v. Tri-State Teleph. & Teleg. Co. ought to be overruled. Error was also predicated upon rulings on evidence and upon instructions to the jury, given and refused.

The case was argued before a court composed of four judges of this court and a district judge, who had been called to sit in the place of a member of this court who deemed himself disqualified. Such district judge did not participate in the decision. Only the four judges of this court participated in the decision. 19 ND p. 781, 124 NW 75, 26 LRA(NS) 1171.

The principal opinion in the case was written by Judge Ellsworth. It was signed by only two of the members of the court. Judge Car-

mody wrote a concurring opinion in which Judge Spalding joined. That opinion reads as follows:

"I concur in the result arrived at in the opinion of Judge Ellsworth, but do not agree to all that is said in that opinion. The measure of damages of the defendant for the 8-foot strip in the highway actually taken by the plaintiff is set forth in that opinion as follows:

" 'The reasonable present cash market value of the land actually occupied by plaintiff for the use and purpose proposed, exceeding in no instance the present market value of the entire 8-foot strip, taking into consideration that such strip is within the limits of a public highway and subject to a public use for highway purposes; that in no instance could a greater sum be allowed as damage than would be allowed if the highway right of user was not upon the land so sought to be condemned.' This measure of damages, inferentially, at least, might lead the jury to believe that the defendant was entitled to the full market value of the land so taken, when, as a matter of fact, it was already in use for highway purposes, and the defendant had at best only a reversioner's interest. In most cases the damage to his interest would be merely speculative and not more than nominal. It seems to me that a more correct measure of damages would be the reasonable present cash market value of the defendant's interest in the land actually occupied by plaintiff for the use and purpose proposed, taking into consideration that such strip is within the limits of a public highway and subject to a public use for highway purposes."

The language in an opinion of a court must be construed in the light of the facts and circumstances in the case in which it was rendered. 26 Am & Eng Enc Law, 2d ed, p. 169. Where there are separate and diverse opinions, they must be read and examined as a whole in light of the record and facts in the case, and the judgment pronounced by the court. The judges may agree upon the judgment, and yet there may be no such agreement on a question of law presented for determination as to render the decision in the case an authority one way or the other on such question. Woodruff v. Parham, 8 Wall. (US) 123, 139, 19 L ed 382, 387.

The two opinions in Tri-State Teleph. & Teleg. Co. v. Cosgriff, show a definite and unqualified agreement of the judges only, "in the

result arrived at in the opinion of Judge Ellsworth," namely, that the judgment be reversed and that a new trial be had. 19 ND p. 781, 124 NW 75, 26 LRA(NS) 1171.

It does not seem to me, it can be said there was any decision of the court in that case to the effect that an owner of land that abuts upon a highway is a trespasser if he uses for agricultural purposes a portion of the land within the highway easement, which is adjacent to his property, but in such manner as not to interfere in any way with the full public use of the highway.

I am not aware that there has been any recognition that the rule contended for by the plaintiff was established by Tri-State Teleph. & Teleg. Co. v. Cosgriff, or that such rule constituted the law in this state. Nor am I aware that any claim has been advanced in the courts of this state to that effect. Certainly the claim has never been advanced in this court, and while the rule announced in Donovan v. Allert and the Cosgriff v. Tri-State Teleph. & Teleg. Co. has been repeatedly invoked and reaffirmed, I am unable to find any case in this court in which the decision in Tri-State Teleph. & Teleg. Co. v. Cosgriff has been cited at all. The legislature, however, has expressly recognized the right of abutting landowners to make appropriate use of land within the highway easement, and has authorized cattle guards and gateways to be constructed across highways under certain conditions. Laws 1931, chap. 152.

"The rule stare decisis has for its object the salutary effect of uniformity, certainty, and stability in the law." 14 Am Jur 283, Courts. It follows as a necessary corollary that a decision which fails to evidence a positive and definite determination by *the court* of a question necessary for determination in the case, does not become binding authority upon such question within the rule of stare decisis, merely because the question is discussed in an opinion, which does not have the full approval of a majority of the court. In order to constitute such precedent, there must be no doubt that *the court* has spoken on the subject.

In my opinion there was no decision by *this court* in Tri-State Teleph. & Teleg. Co. v. Cosgriff, which promulgated or operated to

520

establish a principle to the effect contended for by the plaintiff in this case; and the expressions in the principal opinion upon which plaintiff lays stress are not precedent within the rule of stare decisis.