[File No. 6763]

OTTER TAIL POWER COMPANY, a Corporation, Appellant, v. ETHEL BAKER and Frank Pfeifer,
and
FRANK PFEIFER, Respondent.

(8 NW(2d)610)

Opinion filed March 19, 1943.   Rehearing denied April 7, 1943.

*Conmy & Conmy* and *Field & Field,* for appellant.
*Roy K. Redetzke* and *Charles G. Bangert,* for respondent.

NUESSLE, J. This action was brought to condemn an easement for a right of way for an electrical transmission line. It is a companion case to the case of Otter Tail Power Co. v. Von Bank, just decided. Ante, 497, 8 NW(2d) 599, 145 ALR 1343. The pleadings, and in many respects the facts, are identical. The issue as to the amount of damages was tried to a jury. The jury returned its verdict for the defendant Pfeifer, the defendant Baker having defaulted. Thereafter the plaintiff moved for a new trial. The motion was denied, conditioned on a remission of a portion of the amount of the verdict returned by the jury. Judgment was entered in favor of the defendant for the reduced amount. Thereupon plaintiff perfected the instant appeal. All the questions of law raised in the Von Bank Case were raised in the instant case and, so far as those issues are concerned, what we said in the former case controls here. But certain other questions raised by the plaintiff's specifications of error require consideration.

The right of way sought by the plaintiff was across certain tracts of land belonging to the defendant Pfeifer over which highway easements had been granted to Cass County to enable the county to "streamline" the highway. The trial court construing the pleadings as he did in the Von Bank Case, ruled that the plaintiff was seeking an easement covering the whole of these tracts. The tracts thus ruled to be covered included 3.52 acres. With respect to the matter of damages the trial court held, as he did in the Von Bank Case, that "where a right or interest in the property of another is appropriated through condemnation proceedings the owner of such property is entitled to recover the value of the right or interest appropriated and the damage done to the remainder of the property by the appropriation." And the court so instructed the jury. But the court did not in its instructions advise the jury as to the extent of the defendant's interest appropriated by the easement taken or how that interest was to be measured.

In the course of the trial the defendant, who had the burden of showing the amount of the damage suffered by him, called witnesses to prove the value of the interest appropriated by the taking of the easement. As we have said, the land subjected to the plaintiff's ease-

ment was already subject to an easement for highway purposes. The witnesses thus called testified first as to the value of the defendant's interest in this land subject to the highway easement and before the taking of the plaintiff's easement; and then as to the value of the defendant's interest in the land after the taking of the plaintiff's easement. The difference between these two values was their conclusion as to the value of the interest appropriated by the taking of the plaintiff's easement. In forming their judgment as to the value of the defendant's interest remaining after the taking of the plaintiff's easement, they assumed that the defendant would have no right to enter upon or use the land thus subjected to the easement for any purpose. In the Von Bank Case, we held that Von Bank under circumstances identical with those in the instant case, had, after the granting of the highway easement, the right to use the land subjected to it for agricultural purposes so only that such use did not interfere with its use for highway purposes. This holding is consistent with the general rule that "nothing passes as an incident to the grant of an easement except what is requisite to its fair enjoyment; and notwithstanding such a grant there remains with the grantor right of full dominion and use of the land except in so far as a limitation thereof is essential to the reasonable enjoyment of the easement." See, 17 Am Jur 994, Contracts; 28 CJS p. 750. Applying this rule here it follows that the defendant as the owner of the land covered by the easement taken by the plaintiff had the right to enter upon and use such land for his own purposes so only his use thereof for such purposes was not inconsistent and did not interfere with its use for the purposes for which the easement was taken. The plaintiff objected to the proffered testimony concerning the value of the interest that was appropriated on the ground, among others, that said witnesses "took into consideration as a part of the basis for their estimates and values improper considerations; and upon the further ground that such testimony was based upon improper hypotheses and upon an improper rule and measure of damages." The objection was overruled and the testimony received. Again, at the conclusion of the case, the plaintiff moved that such testimony be stricken from the record for the same reasons. This motion was denied and the evidence thus objected to went to the jury.

We think this constituted prejudicial error. Plaintiff sought and acquired only an easement. Defendant remained the owner of the land covered by the easement. He continued to possess all the rights and incidents of ownership that were not inconsistent with the uses and purposes for which the easement was taken. He had the right to enter upon the tracts subjected to the easement and use the same for his own purposes, so only such use did not interfere with the uses and purposes for which the easement was taken. All of these factors should have been taken into consideration in determining the damage he suffered by reason of the diminution of the value of his interest in the land subjected to the easement, as well as in determining the damage to the remainder of the land of which the tracts subjected to the easement were a part.

Certain other errors were specified by the plaintiff but it is not necessary to consider them in view of what we have said above.

The judgment is reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

MORRIS, Ch. J., and BURKE, CHRISTIANSON, and BURR, JJ., concur.