TRI-STATE TELEPHONE & TELEGRAPH COMPANY, A CORPORATION, V. M. A. COSGRIFF, WILLIAM WHITMORE, SARAH BUSSEE, JAMES McSHERRY AND FRANK COUFL, DEFEND-
ANTS AND RESPONDENTS.

Opinion filed December 14, 1909.

### Streets and Highways—Eminent Domain—Damages—Evidence.

1. In an action brought in the exercise of the right of eminent domain for the purpose of condemning to the use of a telephone company a strip of land wholly within the limits of a public highway for use as a telephone and telegraph line, it is improper to admit evidence to the effect that an owner of land abutting upon the highway has been accustomed for a period of years to use for agricultural purposes a portion of the highway between the traveled strip on the medium line of the same and his property line. The highway is dedicated to purposes of travel, and, in his use of it for agricultural purposes, the land owner was a trespasser without any right that can be recognized in law or considered of pecuniary value; and such testimony being entirely irrelevant and immaterial serves no purpose other than to improperly enhance in the minds of the jury the value of the strip taken and should have been excluded.

### Eminent Domain—Damages.

2. The measure of damage for taking property in exercise of the right of eminent domain under the law of this state is the value of the landowner's interest in the land actually taken and the depreciation in value, if any, sustained at the time of the trial by land not taken upon the same tract, by reason of the appropriation of a part to the uses of the party condemning.

Evidence in which the attention of the witness is directed to the future value of the interest condemned, or of the value of the right sought to be acquired by the party condemning, rather than the rights and interest of the owner in the property taken is improperly received.

### Eminent Domain—Damages.

3 A grove of trees growing upon, or adjoining, land sought to be condemned under the right of eminent domain is part of the real estate, and should be valued as such. Any damage to the trees growing upon

the strip taken by the appropriation of the land to the uses of the party condemning may be considered a diminution in value of the interest of the party owning the land. An instruction that a jury in such a case may consider as a proper element of damage, "such damage to the said groves and trees as will naturally and properly necessarily result in the course of time to said grove and trees by the construction, maintenance, and operation" of a telephone and telegraph line, is erroneous, in that it directs the attention of the jury to a future contingency, and not to the damage sustained by the property taken at the time of trial.

### Eminent Domain—Nominal Damages.

4. The damage sustained by the owner of lands abutting upon a public highway by the taking of a strip immediately adjoining his property line for the purpose of constructing thereon a telephone and telegraph line, while it may be small in amount, is not as a matter of law merely nominal; but is substantial in the sense that the landowner is entitled to recover a sum sufficient to compensate him for all damage to the property actually sustained by him under the conditions.

Appeal from District Court, Grand Forks County, *Goss*, J.

Action by the Tri-State Telephone & Telegraph Company against M. A. Cosgriff and others, for the purpose of condemning certain real property to the uses of the plaintiff for a telephone and telegraph line in exercise of the right of eminent domain. A judgment was entered in favor of each of the defendants, and plaintiff appeals..

Judgment reversed and a new trial ordered.

*Bangs, Cooley & Hamilton,* for the appellant.

Courts allow only for property actually taken. Everett v. Union Pac. Ry. Co., 59 Ia. 234, 13 N. W. 109; Burt v. Wigglesworth, 117 Mass. 302; Co. v. Ring, 58 Mo. 491; Co. v. Elliott, 5 Nev. 358; Cummings v. Williamsport, 84 Pa. St. 472; Santa Anna v. Harlin, 99 Cal. 538, 34 Pac. 224; San Diego Land & Town Co. v. Neale et al., 78 Cal. 63, 20 Pac. 372; Brown v. Calumet River Co., 125 Ill. 600, 18 N. E. 283; Brunswick v. Union Depot Street Ry., etc., Co., 31 Minn. 297, 17 N. W. 626, 47 Am. Rep. 789; In re B. H. T. & W. Ry. Co., 22 Hun. 176; 5 Ency. of Evidence, 197.

Where property is taken that is subject to a public easement, damages are only nominal. Lewis, Eminent Domain, 500; See also Joyce on Electric Law, (1st Ed.) 321; Stetson v. Bangor, 60 Me. 313; Bartlett v. Bangor, 67 Me. 460; Walker v. Manchester, 58 N. H. 438; Clark v. Elizabeth, 37 N. J. L. 120; Baldwin v. Buffalo,

35 N. Y. 375; Baldwin v. Buffalo, 35 N. Y. 375; Matter of City of Brooklyn, 73 N. Y. 179; Sherer v. City of Jasper, 93 Ala 530; 9 So. 584; Danforth v. City of Bangor, 83 Me. 423, 27 Atl. 268; In re Adams, 141 N. Y. 297, 36 N. E. 318; Village of Oleon v. Steyner, 135 N. Y. 341, 32 N. E. 9; In re Department of Pub. Works, 53 Hun. 556; In re Wells St., 4 N. Y. S. 301.

The measure of damages where a telephone company takes a right of way is the value of the land actually taken for placing poles and the extent to which the value of the use of the portion between the poles and under the wires is diminished. St. Louis & C. R. Co. v. Postal Tel. Co. of Ill., 173 Ill. 508, 51 N. E. 382; Co. v. Katkamp, 103 Ill. 420; Co. v. Co., 120 Ala. 21, 24 So. 408; Mobile & Ohio Ry. Co. v. Postal Telegraph Cable Co., 101 Tenn. 62, 46 S. W. 571, 41 L. R. A. 403; Mobile & Ohio Ry. Co. v. Postal Telegraph Cable Co., 76 Miss. 631, 26 So. 370, 45 L. R. A. 223; Co. v. Co., 104 Fed. 623; 2 Lewis Eminent Domain, 490; Joyce on damages, 2204; 15 Cyc. 701, 711 and 724; Postal Tel. Cable Co. of Utah v. Oregon S. L. R., 65 Pac. 735.

Where the property can be used only for a particular purpose, damage to the remainder is measured by the extent to which it is rendered less valuable for the use to which it is devoted. 2 Lewis Eminent Domain, 485, p.1076; Co. v. Katkamp, 103 Ill. 430; St. L. I. C. R. et al. v. Postal Tel Co., 173 Ill. 508; 51 N. E. 382; Mobile & Ohio Ry. Co. v. Postal Telegraph Cable Co., 76 Miss. 631, 26 So. 370, 45 L. R. A. 223; First Parish v. Co., 7 Gray 106; Co. v. Chicago, 166 U. S. 226; In re 9th Ave. 45 N. Y. 729; In re Albany Str., 11 Wend. 149.

Electric poles for street cars cause no damage. Taggart v. Newport Street Railway Co. (R. I.) 19 Atl. 326; Rafferty v. Central Traction Co. (Penn.), 23 Atl. 884; Williams v. Electric Street Ry. Co. (Ark.), 41 Fed. 556.

*Skulason & Burtness,* for respondent.

Abutting owner owns to center of highway and may use such strip. Jones on Telegraph and Telephone Companies (1907) Secs. 109, 119, 120, 121; Lewis on Eminent Domain, Sec. 131 and cases cited; 1 Enc. of Law, 236, 242; Postal, etc., Co. v. Eaton (Ill.) 39 L. R. A. 722; Elliott, Roads and Streets, p. 519.

Respondents are entitled to substantial damages, Jones on Telegraph and Telephone Cos.,  Sec. 109, 119, 120, 121; Lewis on Eminent Domain, Sec. 131 and 478 and cases cited; City of Buffalo v. Pratt, 30 N. E. 233; Kreuger v. Wisconsin Tel. Co., 81 N. W. 1041.

ELLSWORTH, J.  The proceeding in which this appeal is taken is a civil action brought under the provisions of chapter 36 of the Code of Civil Procedure (sections 7574-7603, Rev. Codes 1905) for the exercise of the right of eminent domain upon certain real property belonging to the defendants.  The use for which the condemnation of the property is sought is a right of way upon which to construct, maintain, and operate a telephone and telegraph line. The real property brought in question by the proceeding is situated in Grand Forks county, and, in the case of each defendant, abuts upon a public highway 4 rods or 66 feet in width.  The right of way sought to be condemned is included within a strip 8 feet in width wholly within the limits of the highway immediately adjoining the property line of the defendants.  The line of poles as planned by the plaintiff will be set midway in this 8-foot strip, 4 feet from the property line of the defendants and 132 feet apart, or about 40 to the mile.  Prior to the time the action was brought the board of supervisors of the civil township having control of the highway duly granted to plaintiff the right to occupy the highway for the use mentioned.  This action is brought for the purpose of condemning the interests of the defendants in the strip of land to be used as a right of way.  Each of the  defendants  has  made answer, and alleges that a damage will accrue to him and to his abutting land by the taking and use of an 8-foot strip in the location described for a telephone and telegraph line.  The question of the amount of compensation to be paid each of the defendants for his interest in the land condemned to such use, was submitted to one jury with a stipulation that a separate verdict might be rendered and a separate judgment rendered in each case.  In the case of the defendant Cosgriff, the jury found that the value of his right and interest in the land embraced in the highway and taken by plaintiff was the sum of $15; that the damage to his abutting property was the sum of $50, and the detriment or damage to certain trees growing upon a portion of the tract abutting the highway was the sum of $20.  Judgment was entered upon this verdict, and

the plaintiff appeals therefrom, specifying numerous errors occurring upon the trial in the rulings and instructions of the court. A stipulation of counsel provides that the case on appeal may be abbreviated to include only the evidence offered in reference to the claim for damages of defendant, Cosgriff, and that the judgments of all the defendants be bound and affected by the decision of this court in that case. Plaintiff groups his many specifications of error in an assignment of eight classes. Of these, in the view we take of the case, it will be necessary for us to consider only three or four.

The defendant Cosgriff testified as a witness on his own behalf, and stated that the highway abutting his land along which the right of way sought to be condemned extends is put to public use by pedestrians and carriages only for a width of about 10 feet, or 5 feet on each side of the medium line, which leaves a strip between the traveled portion and his property line of about 28 feet not traveled upon. He was then asked this question: "Q. Have you in the past been in the habit of using that 27 or 28 foot strip for agricultural purposes?" The question was objected to by plaintiff as immaterial, irrelevant and incompetent in its bearing upon the issue of the value of the land to defendant. The attorney for defendant thereupon stated: "I propose to show what has been the regular uniform custom in the past as to the use of that strip as having some bearing upon the value at the present time and its probable value in the future." The objection of plaintiff was thereupon renewed upon the same grounds and was overruled by the court; and the defendant answered the question in the affirmative.

The use of a highway for the planting, growing, and gathering of a crop has rather the character of a permanent appropriation than of the temporary and reasonable use permitted to an abutting landowner. So, whether or not, as contended by plaintiff, defendant has incurred liability under a penal statute by his intrusion upon and interference with the highway, it is readily apparent that he exercised such privileges upon those portions of the highway not used for travel, not as a matter of right, but wholly through indulgence of the road supervisors. Elliott, Roads & Street (2nd Ed.) p. 694. The highway is dedicated to purposes of travel, and defendant, in his use of it for agricultural purposes, is, at best, a trespasser without any right that can be recognized in law or con-

sidered of any pecuniary value. The testimony admitted by the court's ruling might have served improperly to enhance in the minds of the jury the value of the strip taken. The true question was: What was the value of the interest still retained by defendant in the strip of land taken by plaintiff, giving due weight to the consideration that it was already subject to use as a public highway? As defendant could not rightfully grow crops upon the highway, the consideration by the jury of the fact that he had been permitted to do so for a period of years was entirely immaterial and irrelevant in determining the value of his interest, and could only serve to mislead the jury. The admission of this testimony was error.

The defendant was then asked: "Q. Now, Mr. Cosgriff, understanding that the company desired to condemn this eight-foot strip next to the south line of the highway for the uses and purposes of a telephone line, with all the poles, cross-arms, guy wires, guy poles that are usually used in connection with the construction and maintenance of such a line, have you any opinion as to the value of that right or easement so taken?" Objection was made to this question on the ground that the material point was the value of the property condemned, and not of the easement or right taken by the plaintiff, which objection was overruled by the court, and the defendant answered: "A. Well, it is worth at least $150." Shortly afterward one Buttree, a witness for defendant, was asked: "Q. It is in evidence here, Mr. Buttree, that the telephone company, the plaintiff in this case, desires to condemn for right of way purposes on that line for its poles, its cross-arms, its wires, guy poles and guy wires, and the use in a strip of land eight feet in width and, so far as this land is concerned, half a mile in length. Have you any opinion as to the value of the rights sought to be acquired by the plaintiff for the purposes that I have mentioned?" This question was objected to as irrelevant, immaterial, and not the proper measure of damages, and after the objection was overruled by the court the witness answered, "Yes." Counsel then stated: "The question is, Mr. Buttree, the value of the right taken from the defendant—that is, of his interest there under the circumstances—in the strip which the telephone company is seeking to condemn for its right of way uses?" This statement was not responded to by the witness, who inquired if any title would be

given. To this, counsel answered: "No, no absolute ownership; but the right of way there—the right to occupy the place there permanently in the ground, and to use the strip for such purposes as they need to string their wires," etc. The witness then answered: "Well, would put it at two hundred dollars."

The measure of damage for a taking of property in exercise of the right of eminent domain is the value of defendant's interest in the land at the time of trial and the damage at that date sustained by its appropriation to the uses of the party condemning. Rev. Codes, 1905, 7596. The evidence bearing on this point must therefore be directed to the present, and not to the future value of the interest condemned; to its value for uses to which it was or could be applied or for which it had some natural adaptation or special fitness, not to its value to plaintiff at the time of or after the taking or for the purposes to which plaintiff expected to put it. The questions referred to were properly objectionable, in that the point to which the attention of the witness was directed in each case seems to be either the value of "rights sought to be acquired by the plaintiff" or of the easement after the appropriation or its value under a future, and not the present, condition. Lewis on Eminent Domain (2d. Ed.) 478-479; Burt v. Wriggleworth, 117 Mass. 302; Union Depot Street Ry., etc. Co. v. Brunswick, 31 Minn. 297, 17 N. W. 626, 47 Am. Rep. 789; City of Santa Ana v. Harlin, 99 Cal. 538; 34 Pac. 224.

The defendant Cosgriff testified that for a distance of about 30 rods the right of way sought to be condemned upon his land extends through a grove of trees growing upon or near to the border of the highway. These trees are cottonwood and box elder, about 20 years old, in healthy condition, and average from 50 to 60 feet in height. The outside row of trees is set within the highway at a distance of about 7 feet from the property line, and the number of trees within the grove that are within reach of the poles, wires, and cross-arms which plaintiff proposes to place on the right of way sought to be condemned number between 40 and 50. In order to place the telephone line, it will be necessary to cut off the tops of two different trees and a few of the branches of others. Some of the trees which defendant claims are affected by the wires and cross-arms are entirely outside of the limits of the highway.

Defendant was allowed to testify, over objection by plaintiff, that the damage to the trees on his land by reason of the construction, maintenance, and operation of a telephone line was about $150. The court, on this point, gave an instruction to the jury, to which the plaintiff excepted, as follows: "In determining this question where the telephone and telegraph line runs through groves of trees belonging to some of the defendants, you may take into consideration the conditions relative to said trees and telephone and telegraph lines as the evidence shows to exist, and may consider as proper element of damage such damage to the said groves and trees as will naturally and properly necessarily result in the course of time to said grove and trees by the construction, maintenance, and operation of said telephone and telegraph line within said 8-foot strip, and you may take into consideration in ascertaining such damage to the same extent as though the same had been established independently as facts in the trial of this case, the laws of nature, the measure of time, and also what is commonly known in the various industries and all such matters of common knowledge and science as may be known to all men of ordinary understanding and intelligence." Plaintiff contends that this instruction is erroneous in that it fails to confine the question of damage to the trees within the strip taken by plaintiff, and directs the jury that it may by conjecture and speculation assess damage accruing wholly in the future, and base a verdict against plaintiff, partially, at least, upon a condition that did not exist at the time of trial. As heretofore stated, an estimate of damage is limited to conditions of the property condemned existing at the time of the trial. The trees being a permanent fixture upon the real estate are a part thereof, and damage to them may be considered a diminution in value of defendant's interest in the land. Peoria, etc., Traction Co. v. Vance, 234 Ill. 36, 84 N. E. 607. Damage to trees outside of the strip taken, however, if considered at all, could be estimated only in connection with the detriment caused to the entire tract not taken. In an action of this character nothing can be allowed on account of trespasses committed by the condemnor or his agent outside of the property actually taken. 2 Lewis on Eminent Domain (2d Ed.) 482a. Obviously it would be improper in estimating the damage to the strip of land taken to consider detrimental conditions that may arise upon it in the future in connection with the use pro-

posed by plaintiff. The extent to which the value of the interest of defendant in the strip of land on which the trees stand is diminished by reason of injuries necessarily and actually inflicted upon the trees may be considered by the jury and included in the estimate of damage. The court's instruction to the jury that they "might consider, as a proper element of damage, such damage to the certain groves and trees as would materially and properly necessarily result in the course of time" by the construction, maintenance, and operation of such telephone line directed the attention to a future contingency, and was therefore erroneous. The estimate should have been confined to the detriment or diminution in value sustained by the property taken, which in this case included the land with the trees growing upon it at the time of the trial.

At the close of the testimony the plaintiff requested, and the court refused to give, an instruction to the jury as follows: "That the defendant has no absolute right of user in the right of way, the right of user was vested in the state under the congressional grant for the right of a highway, and the state, acting through the board of supervisors, has granted permission to the plaintiff for the construction of the line." The plaintiff also requested, and the court refused to give an instruction in these words: "Under the undisputed evidence, the value of the defendants' interest in the land sought to be condemned by the plaintiff for use by it in the construction of its telephone line in the highway in front of and along the defendants' land is merely nominal, and I instruct you under this element of damage to find for the defendant in the sum of one dollar.' The defendant requested several other instructions involving substantially the same principles, and, upon the refusal of the court to give any of them, took proper exceptions and now presents these refusals as error of law.

In instructing the jury as to the measure of damage the court then charged that such damage or detriment is made up of elements to be considered under two heads, viz: The reasonable present cash market value of the land actually occupied by plaintiff for the use and purpose proposed, exceeding in no instance the present market value of the entire 8-foot strip, taking into consideration that such strip is within the limits of a public highway and subject to a public use for highway purposes; that in no instance

could a greater sum be allowed as damage than would be allowed if the highway right of user was not upon the land so sought to be condemned. That the second element of damage is that which will be suffered by the parts not taken of the tract of land owned by the defendant by reason of the taking and appropriation of the strip in question for telephone and telegraph purpose, and that "in determining the value to the balance of the several tracts not included in the 8-foot strip, you should determine from the evidence how much said land will be depreciated in value by reason of the taking for the particular use of the 8-foot strip or the portion thereof necessary to be taken. What is the difference, if any, between the cash market value of the entire tract of land excepting the 8-foot strip before the erection of the said telephone and telegraph lines thereon and its present cash market value after said line has been erected. Such difference will be the damage occasioned to the defendant arising under the second element of damage."

The contention of plaintiff, suggested by the specification referred to that the placing of a telephone and telegraph line upon the land already dedicated to highway purposes is not an additional servitude entitling the owner of abutting property to compensation, is disposed of adversely to its view by former decisions of this court. And the court, as at present constituted, is not disposed to disturb principles announced in well-considered opinions which may now be regarded as settled law. Donovan v. Allert, 11 N. D. 289, 91 N. W. 441, 58 L. R. A. 775, 95 Am. St. Rep. 720; Cosgriff v. Telephone Co., 15 N. D. 210, 107 N. W. 525, 5 L. R. A. (N. S.) 1142. Neither are we disposed to hold that the right of the owner of property to compensation under such conditions is merely nominal. The damage to the owner, in view of the existing servitude and the further use to which the telephone company may wish to subject it, may be small even to insignificance; but it is nevertheless substantial in the sense that he is entitled to recover a sum sufficient to duly compensate him for all the damage actually sustained under the conditions. The instructions requested by plaintiff were, therefore, properly refused, and the instructions given by the court upon the measure of damages seem to have fully and fairly stated a rule which our judgment approves and which has the sanction of much of the later authority. City of Grafton v. St. Paul, etc., Ry. Co., 16 N. D. 313, 113 N. W. 598,

and cases cited; Krier v. Milwaukee Northern Railway Co.,120 N. W. 847; Town of Eutaw v. Botnick, 150 Ala. 429, 43 South 739.

The assignments of error not passed upon by this opinion either present questions substantially the same as those disposed of or which are not likely to arise upon a second trial of the action. For the errors mentioned the judgment is reversed and a new trial ordered. The same order will be made in reference to the judgment in favor of each of the defendants.

All concur except FISK, J., disqualified. Hon. CHAS. F. TEMPLETON, Judge of the First Judicial District, sat in the place of Judge FISK upon the hearing, but did not participate in the decision.

CARMODY, J. (concurring). I concur in the result arrived at in the opinion of Judge Ellsworth, but do not agree to all that is said in that opinion. The measure of damages of the defendant for the 8-foot strip in the highway actually taken by the plaintiff is set forth in that opinion as follows:

"The reasonable present cash market value of the land actually occupied by plaintiff for the use and purpose proposed, exceeding in no instance the present market value of the entire 8-foot strip, taking into consideration that such strip is within the limits of a public highway and subject to a public use for highway purposes; that in no instance could a greater sum be allowed as damage than would be allowed if the highway right of user was not upon the land so sought to be condemned." This measure of damages, inferentially, at least, might lead the jury to believe that the defendant was entitled to the full market value of the land so taken, when, as a matter of fact, it was already in use for highway purposes, and the defendant had at best only a reversioner's interest. In most cases the damage to his interest would be merely speculative and not more than nominal. It seems to me that a more correct measure of damages would be the reasonable present cash market value of the defendant's interest in the land actually occupied by plaintiff for the use and purpose proposed, taking into consideration that such strip is within the limits of a public highway and subject to a public use for highway purposes.

I am authorized to say that SPALDING, J., concurs in the views herein expressed.