Walter R. HJELLE, State Highway Commissioner, Plaintiff and Appellant,

v.

J. C. SNYDER & SONS, a partnership d/b/a Lake Park Drive In Theater, Defendant and Respondent.

No. 8178.

Supreme Court of North Dakota.

March 11, 1965.

Helgi Johanneson, Atty. Gen., and Myron E. Bothun, Sp. Asst. Atty. Gen., Bismarck, for appellant.

Lawrence O'Connell, Williston, for respondent.

ERICKSTAD, Judge.

This is an appeal from the judgment of the District Court of Williams County dismissing the plaintiff's complaint. A trial de novo is demanded.

Walter R. Hjelle, State Highway Commissioner, as plaintiff, sought to enjoin J. C. Snyder & Sons, a partnership, d/b/a Lake Park Drive In Theater, whom we shall hereafter refer to as Snyder from maintaining a fence and light post which encroached 16 feet 9 inches upon the state highway right of way. In the complaint the Commissioner alleged that this encroachment was an obstruction prohibited by Chapter 24–12, N.D.C.C., and a nuisance that should be enjoined.

Snyder denied that the fence and light post were an obstruction of the right of way or a nuisance and argued that therefore the complaint should be dismissed.

The material portions of the pleadings follow:

"AMENDED COMPLAINT

"Comes now the Plaintiff and for his cause of action complains and alleges:

"I.

"That he is the duly nominated, constituted and acting Highway Commissioner for the State of North Dakota and is the custodian of the state highway system.

"II.

"That at all times in question, the Defendant, J. C. Snyder & Sons, was a partnership doing business under the name and style of Lake Park Drive In Theater, Williston, North Dakota, located in the W½ NW¼ of Sec. 1–154–101.

"III.

"That on or about the 22nd day of June, 1955, the state proceeded to relocate and construct a portion of U. S. Highways 2 and 85 and that as a part of said relocation and construction, it bypassed the City of Williston.

"IV.

"That the Williston Bypass was completed on or about the 10th day of September, 1956.

"V.

"That the Defendant is now located on a frontage road serving certain business places, north of Williston and that the said road is a part of the state highway system.

"VI.

"That the Defendant has caused to be placed on the right of way of said frontage road a portion of a fence and a light post which encroach upon the state highway system, 16′9″.

"VII.

"That an encroachment on or an obstruction of the right of way is unlawful and a misdemeanor pursuant to Chapter 24–12 of the NDCC. That the same unlawful act is a nuisance and may be enjoined.

"VIII.

"That the Plaintiff has requested the Defendant to remove said encroachments many times, but that the Defendant refused and still refuses to remove its obstructions from the right of way.

"WHEREFORE, Plaintiff prays that the Defendant be enjoined from further obstruction of the right of way and that they be ordered to forthwith remove said encroachments and restore the right of way to conditions satisfactory to the Plaintiff and that the Plaintiff have his costs and for such other and further relief as may seem just and equitable in the eyes of the Court."

## "AMENDED ANSWER

"Comes now the Defendant and for the Amended Answer to the Plaintiff's Complaint, alleges:

"I.

"Admits the allegations in Paragraphs I, II, III, IV, and V of the Plaintiff's Complaint.

"II.

"Defendant denies Paragraphs VI and VII of the Plaintiff's Complaint.

"III.

"Defendant admits that the Plaintiff has requested it to remove the fence and light post as alleged in Paragraph VIII of the Complaint, but denies that said fence and light post are an obstruction of the right of way or a nuisance.

"IV.

"Defendant alleges that the fence and light post described in Paragraph VI of the Complaint were constructed as safety devices to mark, divide, and illuminate the entrance and exit roads to the Defendant's Drive In Theater. That said fence and light post do not 'obstruct any public highway in any manner with intent to prevent the free use thereof by the public,' and, therefore, do not constitute a nuisance."

The pertinent parts of the trial court's Findings of Fact, Conclusions of Law, and Order for Judgment follow:

## FINDINGS OF FACT

"1.

"That the Defendant J. C. Snyder and Sons is a partnership doing business under the name and style of Lake Park Drive In Theater, Williston, North Dakota, located in the W/2NW/4 of Section 1, Township 154 North, Range 101 West, Williams County, North Dakota.

"2.

"That the Defendant's theater facility is located on a frontage road serving certain business places, north of Williston, North Dakota, and that said road is a part of the state highway system.

"3.

"That the Defendant, without protest from the State Highway Department, caused to be placed on the approach to its premises on the right of way of said frontage road a portion of a low fence and light post. That said fence and light post mark, divide, and illuminate the entrance and exit roads to the Defendant's Drive In Theater. That said fence and light post do not obstruct the public highway in any manner or prevent the free use thereof by the public. That said fence and the area enclosed thereby are well kept and maintained by the Defendant and add to the aesthetic appearance of the front of the Theater property and the adjacent highway property."

## CONCLUSIONS OF LAW

"1.

"That said fence and light post do not obstruct the public highway in any manner or prevent the free use thereof by the public.

"2.

"That said fence and light post do not constitute a nuisance.

"3.

"That the Complaint and Amended Complaint of the Plaintiff should be in all things dismissed.

"4.

"That the decision in this case shall not be res judicata upon a further consideration of the issue of encroachment in any subsequent action present-

ing a change in circumstances warranting a contrary result.

"5.

"That the Defendant should recover its statutory costs and its disbursements in this action."

### ORDER FOR JUDGMENT

"WHEREFORE, It is the Order of the Court that the Complaint and Amended Complaint of the Plaintiff in this case be and the same is hereby dismissed and, further, that the Defendant shall have its costs and disbursements in this action."

The affidavit of the Assistant District Engineer for the State Highway Department indicates that the fence "is 56 ft. in length extending onto the right of way 16'9" in a triangular fashion, the apex of such encroachment squared off to a length of 7'3"."

The testimony of one of the witnesses for Snyder was that the fence was 16 inches high, painted white, and made of wooden slats, intended to divide the entering traffic from the exiting traffic; and that the light pole was constructed about ten feet from the theater's attraction board to hold a flashing yellow light, the attraction board being on Snyder's property east of the apex of the fence.

The evidence thus discloses that the fence and light post are situated on highway right of way. It fails to indicate whether the state has a fee simple title or merely an easement for highway purposes in the right of way, or whether the installation interferes with the free use of the highway right of way by the public.

The Commissioner's position is that it is immaterial what title the State has in the right of way or whether the installation interferes with the free use thereof by the public, the important factor being that the property is part of the state highway system. He argues that, as the fence and light post are situated on the highway right of way, they constitute an encroachment or purpresture upon the highway property in violation of §§ 24–12–01 and 24–12–02 (1, 2), N.D.C.C., and thus are enjoinable, even though they are not situated upon the traveled portion of the main highway or the traveled portion of the service or frontage road and do not interfere with the free use thereof by the public.

The statutes relied upon by the Commissioner read as follows:

"24–12–01. Injuries to highways.— No person shall willfully dig up, remove, displace, break, or otherwise injure or destroy any public highway, right of way, or bridge, or any rest area, picnic area, or tourist camp or improvements thereon, operated in connection with a public highway, or any private way laid out by authority of law, or any bridge upon such way without first securing permission from the person or governing body having jurisdiction and control thereof."

"24–12–02. Obstructing highways.— No person shall:

"1. Obstruct any public highway in any manner with intent to prevent the free use thereof by the public;

"2. Willfully and knowingly obstruct or plow up, or cause to be obstructed or plowed up, any public highway or right of way, except by order of the overseer of highways for the purpose of working or improving the same; * * *." North Dakota Century Code.

As the highway involved here is a part of the state highway system, and as the overseer of highways has no duties in connection with the system of primary roads designated by the State Highway Commissioner as the state highway system, § 24–12–02, subsection 2, does not apply in the instant case. See § 24–03–02, N.D.C.C.,

giving the State Highway Commissioner authority to maintain, protect, and control the highways comprising the state highway system, and § 24–01–01.1, subsection 42, defining the state highway system.

Snyder's answer is that these statutes do not apply to the abutting landowner where there is no evidence that the encroachment interfered with the free use of the highway by the public. He cites a decision rendered by this court in 1943 in support of his position that the grantor retains a property right in the property subject to the highway easement.

" * * * 'The abutter has the exclusive right to the soil, subject only to the easement of the right of passage in the public, and the incidental right of properly fitting the way for use. Subject only to the public easement, he has all the usual rights and remedies of the owner of the freehold.' Elliott, Roads & S., p. 519." Otter Tail Power Co. v. Von Bank, 72 N.D. 497, 8 N.W.2d 599, at 605, 145 A.L.R. 1343, quoting Donovan v. Allert, 11 N.D. 289, 91 N.W. 441, 58 L.R.A. 775, 95 Am.St.Rep. 720.

In Otter Tail the abutting landowner gave the County of Cass an additional easement for highway purposes in connection with the widening of an existing highway. At the time the easement was executed it was understood and agreed by and between the abutting landowner and the county authorities that the landowner should have the right to use the land over which the easement was granted for agricultural purposes, subject to its use for highway purposes. No part of this agreement was included in the instrument granting the easement. The county commissioners did, however, unanimously pass and enter on their minutes a resolution embodying the terms of this agreement.

The litigation was between the utility company, which sought to condemn, for use of its electric transmission lines, poles, etc., a portion of the land covered by the highway easement, and the owner of the abutting land, who had given the highway easement to the county. The case at bar differs from Otter Tail in that it involves litigation between the grantee and grantor of the highway easement where the grantee seeks to enjoin the grantor from encroaching upon the property subject to the easement.

Although these distinctions may be made, it should be noted that the court therein said:

"Where an easement is granted the grantor may, without expressly reserving the right to do so, exercise all the rights of ownership over the property subjected to the easement consistent with a fair enjoyment of the use of the easement. *Held,* that pursuant to this rule, where an easement for a highway is granted the grantor has the right to use for agricultural purposes that portion of the property covered by the easement and not actually occupied by the highway, provided that he does so in such manner as not to interfere with the grantee's use thereof for highway purposes. Tri-State Telephone & Telegraph Company v. Cosgriff, 19 N.D. 771, 124 N.W. 75, 26 L.R.A.,N.S., 1171, overruled insofar as that case is inconsistent herewith." Otter Tail Power Co. v. Von Bank, supra, para 3 of syllabus.

In Tri-State our court previously held that the owner of land abutting the highway who had given an easement for highway purposes to the county and thereafter used the land between the traveled portion of the right of way and his property line for agricultural purposes was at best a trespasser without any right.

" * * * The highway is dedicated to purposes of travel, and defendant, in his use of it for agricultural purposes, is, at best, a trespasser without any right that can be recognized in law or considered of any pecuniary value. The testimony admitted by the court's ruling might have served improperly to

enhance in the minds of the jury the value of the strip taken. ⸀ The true question was, What was the value of the interest still retained by defendant in the strip of land taken by plaintiff, giving due weight to the consideration that it was already subject to use as a public highway? As defendant could not .rightfully grow crops upon the highway, the consideration by the jury of the fact that he had been permitted to do so for a period of years was entirely immaterial and irrelevant in determining the value of his interest, and could only serve to mislead the jury. The admission of this testimony was error." Tri-State Telephone & Telegraph Co. v. Cosgriff, 19 N.D. 771, 124 N.W. 75, at 77.

■ Under Otter Tail, an abutting landowner retains the right to use property subject to highway easement for any purpose which does not interfere with the use for highway purposes. The Legislature has the power, within reasonable limits, to define what constitutes such interference. Our legislature has provided that injury to a highway right of way (§ 24–12–01, N.D.C.C.) or obstruction of the free use thereof by the public (§ 24–12–02, subsection 1, N.D.C.C.) constitutes such an interference.

■■ The appellant Commissioner contends that injury or obstruction exists in this case and that therefore he is entitled to the injunction prayed for. However, in this case there is no evidence that the installation complained of constitutes an injury or obstruction in fact. The mere showing that the light post and fence were situated on the highway right of way is not proof that they obstructed or injured the highway right of way. The .Commis-sioner's argument that a nuisance resulted from a violation of these statutes therefore also fails because of the lack of proof of injury to the right of way or obstruction of the free use of the right of way by the public.

■ The question arises whether a nuisance existed under our statute defining "nuisance," which reads as follows:

"42–01–01. Nuisance—definition.— A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission:

"1. Annoys, injures, or endangers the comfort, repose, health, or safety of others;

"2. Offends decency;

"3. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake, navigable river, bay, stream, canal, basin, public park, square, street, or highway; or

"4. In any way renders other persons insecure in life or in the use of property." North Dakota Century Code.

We find no evidence to indicate the existence of a nuisance thereunder.

The injunction was therefore properly denied. Decision of the district court is affirmed.

BURKE, C. J., and TEIGEN, J., concur.

KNUDSON, J., not having been a member of the Court when the case was submitted, did not participate.