**STATE of North Dakota, Plaintiff and Appellee,**

**v.**

**Louis O. SILSETH, Defendant and Appellant.**

**Cr. No. 1142.**

Supreme Court of North Dakota.

Jan. 20, 1987.

Richard R. Tessier, Asst. Atty. Gen., Office of the Atty. Gen., Bismarck, for plaintiff and appellee.

Johnson, Johnson, Stokes, Sandberg & Kragness, Wahpeton, for defendant and appellant; argued by A.W. Stokes.

LEVINE, Justice.

Louis O. Silseth appeals from a judgment of conviction entered upon a jury verdict finding him guilty of violating Section 24–12–02(2), N.D.C.C., which provides in pertinent part: "No person shall ... Willfully and knowingly obstruct or plow up ... any public highway or right of way...." [1] We affirm.

Silseth owns a parcel of property which includes land lying on both sides of a section line. He concedes that he has plowed the entire width of the section line and has planted corn thereon. A neighbor who uses the section line to reach his property signed a complaint alleging that Silseth was in violation of the statute. The matter was tried to a jury and Silseth was convicted of the charge.

Silseth contends on appeal that Section 24–12–02(2), N.D.C.C., does not apply

because the section line involved in this case had not been opened by any governmental action and therefore was not a public highway. This contention was raised and answered in *Small v. Burleigh County,* 225 N.W.2d 295, 300 (N.D.1974):

> "We hold that congressional section lines outside the limits of incorporated cities, unless closed by proceedings permitted by statute, are open for public travel without the necessity of any prior action by a board of township supervisors or county commissioners."

*See also State v. Meyer,* 361 N.W.2d 221, 222 (N.D.1985); *DeLair v. County of LaMoure,* 326 N.W.2d 55, 59 (N.D.1982).

Silseth also contends that Section 24–12–02(2) does not apply because it is applicable to public highways, whereas section lines are considered public *roads* pursuant to Section 24–07–03, N.D.C.C. However, Section 24–01–01.1(20), N.D.C.C., indicates that the terms "highway" and "road" are interchangeable:

> " 'Highway, street, or road' shall mean a general term denoting a public way for purposes of vehicular travel, including the entire area within the right of way. A highway in a rural area may be called a 'road', while a highway in an urban area may be called a 'street'."

Section lines are often referred to as highways. *See, e.g., Small v. Burleigh County, supra,* 225 N.W.2d at 297.

We also note that Section 24–12–02(2) applies to "any public highway or right of way." A right of way is defined by Section 24–01–01.1(37), N.D.C.C.:

> " 'Right of way' shall mean a general term denoting land, property, or interest therein, acquired for or devoted to highway purposes...."

We conclude that a section line is a "public highway or right of way" under Section 24–12–02(2).

Silseth asserts that as the fee owner of the property on both sides of the

1. Section 24–12–05, N.D.C.C., makes the violation of any provision of Title 24 for which a

penalty is not specifically prescribed a class B misdemeanor.

section line he is entitled to use the property in any way not inconsistent with the public's easement for travel. Although Silseth is correct in asserting that he is the fee owner and that the traveling public enjoys only an easement, the Legislature has the power, within reasonable limits, to define what constitutes interference with the public's easement. *Hjelle v. J.C. Snyder & Sons,* 133 N.W.2d 625, 630 (N.D. 1965). By enacting Section 24–12–02(2), the Legislature has declared that plowing a section line constitutes such interference.

Silseth also contends that the Legislature could not have intended that it be unlawful to farm on the section line, and he urges us to hold that merely plowing a section line without a resulting obstruction of the public's ability to travel thereon does not constitute a violation of Section 24–12–02(2), N.D.C.C. In effect, Silseth asks us to construe the statutory proscription of "obstruct or plow up" to actually mean "obstruct *and* plow up."

Words used in a statute are to be understood in their ordinary sense unless a contrary intention plainly appears. Section 1–02–02, N.D.C.C. In its ordinary sense, the term "or" is a conjunction indicating an alternative between different things or actions. *Tennefos v. Guarantee Mutual Life Co.,* 136 N.W.2d 155, 157 (N.D.1965); *Backman v. Guy,* 126 N.W.2d 910, 913–914 (N.D.1964).

Silseth has cited no legislative history or other authority which evinces an intent by the Legislature that the word "or" in Section 24–12–02(2) be construed other than in its ordinary sense. The statute unambiguously proscribes plowing of a section line, irrespective of whether or to what degree that action obstructs the section line. Where the Legislature has clearly spoken, we are not free to rewrite the statute to engraft the additional requirement that the plowing also obstruct the public's access for purpose of travel. Silseth's remedy, if any, lies with the Legislature.

We hold that Section 24–12–02(2) applies to section lines and that Silseth violated that statute when he admittedly plowed the entire width of the section line.

Silseth contends that the trial court erred in refusing to give a requested instruction on mistake of law. We find this argument to be without merit.

The judgment of conviction is affirmed.

VANDE WALLE, J., concurs.

ERICKSTAD, C.J., concurs. I concur in Justice LEVINE'S opinion in this case because I believe the law is correctly stated by Justice LEVINE, but I hope the Legislature will study this statute and possibly amend it to permit plowing of section lines when plowing would not obstruct the usual travel on the section line.

GIERKE, Justice, dissenting.

I concur in that portion of the majority opinion recognizing that a section line is a public highway under Section 24–12–02, N.D.C.C.

I also recognize that, in accordance with *State v. Meyer,* 361 N.W.2d 221 (N.D.1985), *DeLair v. County of LaMoure,* 326 N.W.2d 55 (N.D.1982), and *Small v. Burleigh County,* 225 N.W.2d 295 (N.D.1974), governmental action is not necessary to "open" a section line as a public highway.

However, I am not convinced that the majority is correct in affirming Silseth's conviction for violating § 24–12–02(2), N.D.C.C., which holds an individual criminally responsible for cultivating the property adjacent to and including his section line. Violation of any provision in Title 24 is a class B misdemeanor and brings with it a maximum penalty of thirty days' imprisonment, a fine of five hundred dollars, or both. *See,* Section 24–12–05 and Section 12.1–32–01(6), N.D.C.C. The majority holds that by the mere act of plowing up his section line Silseth is strictly liable for

violating § 24–12–02(2), N.D.C.C. It matters not that Silseth may not be obstructing free access across the section line, only that by cultivating the section line he has violated § 24–12–02(2), N.D.C.C. This is too harsh a reading and too unjust an interpretation of the statute.

It appears from the stipulated facts on appeal that Silseth, instead of obstructing the section line, took actions which improved the public's right-of-way over his property. All witnesses agreed that a slough exists on the section line and makes the "free traverse" across it impossible. Silseth granted an easement to the township permitting travelers to enter onto his property and around the section line in order to traverse the natural obstruction that lay directly on the section line. Additionally, there was extensive testimony regarding the effect of Silseth's cultivating the section line. This testimony revealed that not only did Silseth's plowing *not* obstruct the section line, but by working the soil Silseth actually *improved* the easement road and made traversing his property easier.

Similarly, although not the basis for the majority's opinion in this case (affirming Silseth's conviction of violating § 24–12–02, N.D.C.C., because he *plowed up* the section line), the only evidence of "obstruction" existed through testimony that established that on occasion the section line became muddy from irrigation and that in one instance the section line was blocked by an irrigation system and became impassable for some heavy farm equipment. This latter problem, however, was caused by a flat tire on the irrigation system itself and not through any intentional, willful, or knowing act on the part of Silseth.

In affirming the district court's adjudication of guilt in this case, the majority places emphasis on the language in § 24–12–02(2), N.D.C.C., which states that no individual shall obstruct *or* plow up a section line. The majority is correct in stating that words in a statute are to be understood in their ordinary meaning unless a contrary intention plainly appears. However, it appears to me that obstruction is an indispensable element of what the Legislature was trying to proscribe and that a common sense reading of the statute as a whole dictates that "plowing up" standing alone is not sufficient. The statute states that, "No person shall ... willfully or knowingly obstruct or plow up, or cause to be obstructed or plowed up, any public highway or right of way, ..." Read by itself, the majority's holding would appear to be the correct one. However, the entire text of § 24–12–02 reveals:

"*24–12–02. Obstructing highways.*—No person shall:

1. Obstruct any public highway in any manner with intent to prevent the free use thereof by the public;

2. Willfully and knowingly obstruct or plow up, or cause to be obstructed or plowed up, any public highway or right of way, except by order of the officials having jurisdiction over such highway for the purpose of working or improving the same; or

3. Build or place a barbed wire fence across any well-traveled trail which has been the usual and common route of travel for not less than one year without placing on the outside of the top tier of barbed wire on said fence a board, pole or other suitable protection, to be at least sixteen feet [4.88 meters] in length."

The majority opinion states, "Although Silseth is correct in asserting that he is the fee owner and that the traveling public enjoys only an easement, the Legislature has the power, within reasonable limits, to define what constitutes interference with the public's easement," citing *Hjelle v. J.C. Snyder & Sons*, 133 N.W.2d 625, 630 (N.D. 1965). It is clear from the entire text of the statute that what the Legislature intended by enacting § 24–12–02(2), N.D.C.C., was a proscription against the actual interference in the free use of a section line

easement and not to hold individuals criminally liable for plowing up a section line if it improves or at least has no adverse effect on the public's access and ability to traverse it.

The law of this State respecting the subject to which the statutes relate, as well as its provisions and all proceedings under it, are to be construed liberally with a view to *effecting its objects* and *to promoting justice.* Section 1–02–01, N.D.C.C. [Emphasis added.] It is apparent that the object of § 24–12–02, N.D.C.C., is to prevent individuals from blocking or obstructing section lines to the detriment of the existing public easement. Justice is not served by reading the statutory language in such a manner that holds an individual criminally liable simply because he has plowed up his section line, especially where that act actually improves the easement for travel. I am directed by § 1–02–38, N.D.C.C.,[1] to read the intent of § 24–12–02 as requiring some intentional act which actually obstructs and hinders public access across the section line. Such a reading is the just and reasonable one, which results in the feasible execution of § 24–12–02, N.D.C.C., and which favors the public interest. I cannot believe that the North Dakota Legislature, in enacting Section 24–12–02 intended to make every farmer who cultivates a section line in this State guilty of a criminal offense, regardless of whether the cultivation in any way obstructs travel by the public. In any event, I hope that the Legislature will take another look at this statute in light of the majority's ruling in this case. Therefore, I dissent from the majority opinion and would set aside the criminal conviction.

MESCHKE, J., concurs.

1. Section 1–02–38, N.D.C.C., reads as follows: "*1–02–38. Intentions in the enactment of statutes.*—In enacting a statute, it is presumed that: 1. Compliance with the constitutions of the state and of the United States is intended. 2. The entire statute is intended to be effective.

3. A just and reasonable result is intended.
4. A result feasible of execution is intended.
5. Public interest is favored over any private interest."